UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TOMMIE SLACK,

                Plaintiff,

    v.

MICHAEL WOODBURY,

                Defendant.

CASE NO. C20-1-RSM-BAT

**REPORT AND RECOMMENDATION**

This matter was commenced in state court and removed to the federal district court by defendants on January 2, 2020. Dkt. 1. Plaintiff, Tommie Slack, has filed an "objection to moving to federal court." Dkt. 5. The Court construes this as a motion to remand this case to state court. The Court recommends that the motion (Dkt. 5) be denied.

## BACKGROUND

Mr. Slack commenced the instant action in King County Superior Court alleging violations of the First Amendment of the United States Constitution as well as Article I, Sections 3 and 11 the Washington State Constitution.[1] *See* Dkt. 2. Mr. Slack's complaint seeks declaratory and monetary relief. Defendants subsequently removed the action to federal court on

---

[1] Mr. Slack also mentions the Religious Land Use and Institutionalized Persons Act (RLUIPA) in the body of his complaint but in his objections to removal clarifies that he is not alleging a RLUIPA violation in his complaint. Dkt. 5.

REPORT AND RECOMMENDATION - 1

1  the grounds that Mr. Slack's complaint alleges claims arising under federal law. Dkt. 1. Mr.

2  Slack then filed his objection to the removal of this case from state court. Dkt. 5.

## DISCUSSION

Federal district courts of the United States have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331 (Federal Question Jurisdiction). A case filed in state court may be removed to federal court automatically if the civil action raises at least one issue of federal law. *Id.*; *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997). Cases that include state and federal claims are removable if the state laws claims are derived "from a common nucleus of operative fact[.]" *City of Chicago*, *supra* at 164 (ancillary jurisdiction exists over state law claims). Removal of a civil action over which the district court has original jurisdiction is not dependent on diversity of citizenship or an amount in controversy. 28 U.S.C. §§ 1331, 1332. Original jurisdiction is not discretionary; therefore, once it is determined that original jurisdiction exists, remand of the entire case to state court is not authorized. *See Brockman v. Merabank*, 40 F.3d 1013, 1017 (9th Cir. 1994).

In cases removed to federal court, once the federal question is resolved, the court has supplemental jurisdiction over remaining state claims. 28 U.S.C. § 1367(a). In circumstances where all federal-law claims have been eliminated in a case, the district court may decline to exercise supplemental jurisdiction and remand remaining state claims to state court if remand "best accommodates the values of economy, convenience, fairness, and comity." *Carnegie–Mellon v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *see also* 28 U.S.C. § 1367(c).

REPORT AND RECOMMENDATION - 2

Title 28 U.S.C. § 1447(c) provides that within thirty days after filing of a notice of removal, a party may move to remand a case to State court "on the basis of any defect other than lack of subject matter jurisdiction[.]" 28 U.S.C. § 1447(c). Furthermore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

In this case, removal was appropriate because Mr. Slack's complaint raises a federal constitutional claim. Dkt. 2. This court has original jurisdiction over Mr. Slack's federal claim and his state law claims derive from the same operative facts. Mr. Slack chose to plead a violation of the First Amendment to the United States Constitution and, as such, removal to the district court was proper. *See Arco Environmental Remediation, L.L.C. v. Dep't of Health and Environmental Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000) ("As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims."). Mr. Slack points to no defect which would require remand under 28 U.S.C. § 1447(c).

## CONCLUSION

For the foregoing reasons, the Court recommends Mr. Slack's motion objecting to the removal of the case from state court and seeking remand (Dkt. 5) be **DENIED**.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **February 14, 2020.** The Clerk should note the matter for **February 21, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days

REPORT AND RECOMMENDATION - 3

after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed **eight (8) pages**. The failure to timely object may affect the right to appeal.

DATED this 31st day of January, 2020.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4